21094

The STATE, Respondent, Benjamin BROCKINGTON, Appellant.

(260 S. E. (2d) 817)

*H. E. Bonnoitt, Jr.,* Georgetown, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Sally G. Young,* Columbia, and *Sol. Hopkins G. Charles,* Conway, *for respondent.*

November 29, 1979.

*Per Curiam:*

The appellant was convicted of assault and battery with intent to kill and armed robbery. We affirm.

The appellant was arrested under warrants issued for ▮ bad checks after he failed to pay the checks in accordance with a prior arrangement with a magistrate. While he was in jail on these charges, he was questioned concerning this matter. He alleges this action by the State constituted an abuse of process and therefore requires a suppression of all evidence obtained as a result of this in-custody questioning. We disagree.

We are aware of the precedents which have required the suppression of the evidentiary fruits of an arrest which was accomplished as a mere pretext, *See Amador-Gonzalez v. U. S.,* 391 F. (2d) 308 (1968); however, the facts of this case do not support application of such a principle. The record before us indicates that the arrest warrants were outstanding prior to the time that police authorities became aware that the appellant might be involved in the current charges. The record does not evidence the formulation of

charges as a mere pretext to question the defendant. On the contrary, he was questioned while validly in custody pursuant to an arrest warrant for an unrelated offense which had originated prior to his involvement in this matter. We are not aware of any authority which requires suppression of the results of that questioning.

The appellant additionally contends that the circumstantial evidence presented by the State is insufficient to support his convictions. We find this contention to be without merit and affirm, under Rule 23 of the Rules of Practice of this Court, the trial judge's denial of a directed verdict.